Slip Op. 13 – 25

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SUNSHINE INTERNATIONAL TRADING, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Judith M. Barzilay, Senior Judge <br><br> Court No. 12-00190 |

# OPINION

[Defendant's Motion to Dismiss is granted.]

February 26, 2013

*Stein Shostak Shostak Pollack & O'Hara, LLP* (*Elon A. Pollack, Joseph P. Cox,* and *Juli C. Schwartz*) for Plaintiff, Sunshine International Trading, Inc.

*Stuart F. Delery*, Acting Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Beverly A. Farrell*); Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection (*Paula S. Smith*, Of Counsel) for Defendant, United States.

      BARZILAY, Senior Judge:  Before the court is Defendant United States' motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim under USCIT Rule 12(b).  Plaintiff Sunshine International Trading, Inc. ("Sunshine") initiated this action to challenge the U.S. Customs and Border Protection's ("Customs") rejection of its attempted entry of women's jeans.  While Sunshine alleges that Customs' rejection amounted to

a protestable exclusion under 19 U.S.C. § 1514(a)(4), the Government asserts that no protestable event occurred and that the court is without jurisdiction under 28 U.S.C. § 1581(a). For the reasons set forth below, the court grants the Government's motion.

## I. BACKGROUND

Sunshine is a California company that imports women's apparel. On May 17, 2012, Sunshine attempted to enter a shipment of jeans at the Port of Los Angeles, and filed an "Entry/Immediate Delivery" form, No. ANR-3013258-2, accompanied by an ocean bill of lading, a commercial invoice, and a packing list. The latter two documents identified the exporter of the goods as Guangzhou Jointsum Trading Co., Ltd. ("Jointsum"). The commercial invoice stated that Jointsum sold 1,690 dozen pairs of jeans to Sunshine at a per unit price of $2.70. In a column on the invoice titled "Mark" the jeans were identified as "Shylo Made in China" and "Masoi Made in China." A column titled "Description of Goods" described two different types of jeans in the shipment: (1) ladies 98% cotton, 2% polyester jeans, and (2) ladies 55% cotton, 40% fieer, 5% spandex jeans. The invoice also contained the handwritten notation "6204.62.4011/16.6%."

Customs subsequently issued an "Entry/Summary Rejection Sheet" dated May 1, 2012, rejecting entry ANR-3013258-2.[1] In issuing the rejection, Customs made the following remarks:

> Merchandise has been reappraised at $6.14/pc net; packed (ladies 55% cotton 40% fieer 5 spandex jeans)
> Merchandise has been reappraised at $6.33/pc net; packed (ladies 98% coton 2% polyester jeans)
> Reference 19 CFR 141.86[2] and 19 CFR 141.90[3] for contents of invoices and general requirements, to include style numbers and the manufacture [sic] name and address, HTS number and rate of duty.

---

[1] The fact that the rejection was dated more than two weeks before the attempted entry forms the basis of Count 4 in Sunshine's complaint and is addressed by the court below.

>   Reference 113.13(d)
>   Live entry required with a single transaction bond for the duty, taxes and fees.
>   Please resubmit a live entry, STB and a corrected invoice and a check.

Customs' reappraisal of the jeans is consistent with an April 2012 entry made by Sunshine when it entered jeans similar to those at issue here. The earlier entry involved two types of jeans with entry documents setting forth per unit prices of $2.70 and $2.90. As it did in this case, Customs issued an "Entry/Summary Rejection Sheet" re-appraising the jeans at $6.14 and $6.13, and directing Sunshine to resubmit "a live entry, STB and a corrected invoice and a check." In that instance, Sunshine complied by filing corrected entry paperwork and depositing duties reflecting the higher appraised value.

In this case, rather than complying, Sunshine filed a protest challenging Customs' rejection. In its protest, Sunshine claimed that that the rejection was invalid as a matter of law because it was dated May 1, 2012, more than two weeks before its entry papers were filed. Sunshine also argued that Customs had no basis for rejecting its merchandise under 19 C.F.R. § 141.86 because the commercial invoices submitted upon entry provided the identity of the seller and the identifying marks of the goods. Finally, Sunshine argued that, contrary to Customs' reappraisal, the value of the merchandise set forth in its entry documents was correct because it was based on the jeans' transaction value. To support this last argument, Sunshine submitted purchase orders containing a per unit price of $2.70, the same price set forth in its entry

---

[2] 19 C.F.R. § 141.86 provides that entry documents must set forth the identity of the seller and "[a] detailed description of the merchandise, including . . . the marks, numbers, and symbols" under which it is sold. 19 C.F.R. § 141.86(a)(2) and (3) (2010).

[3] 19 C.F.R. § 141.90 requires that an importer include "the appropriate subheading under the provisions of the Harmonized Tariff Schedule of the United States ["HTSUS"] . . . and the rate of duty for the merchandise being entered." 19 C.F.R. § 141.90(b) (2010). The Government now admits that the handwritten notation "6204.62.4011/16.6%" on the commercial invoice was a reference to the relevant HTSUS provision and duty rate.

documentation. Sunshine also filed an HSBC bank wire transfer acknowledgement purporting to show a payment from Sunshine to Jointsum in the amount of $54,756.00, the total amount that would be paid for 1,690 pairs of jeans at a per unit price of $2.70.

Some of the documents filed with the protest, however, confused the facts surrounding the attempted entry. Unlike the commercial invoice filed with Sunshine's entry paperwork, which indicated that Sunshine purchased 1,690 pairs of jeans from Jointsum, the purchase orders attached to the protest showed an order size of 1,710 pairs of jeans, and identified the seller of those jeans as a company called Gunanzhou Long Jun Trade Development, Co., Ltd. Additionally, Sunshine's protest was accompanied by an entry summary indicating that the May 2012 entry of jeans consisted 1,690 pairs of jeans at a total entered value of $126,250.00. This entered value equates to a per unit price of $6.23 – a value much closer to the reappraisal values contained in Customs' rejection.

On June 27, 2012, Customs issued its ruling on Sunshine's protest denying it in full while also stating that it had been erroneously filed. In doing so, a Customs import specialist checked a box on the protest stating that it was "Denied in full for the reason checked" which was followed by a checked box stating "Other, namely" and finally an explanation that read, in full: "Reference 19 CFR 141.11 Entry was rejected on May 25th 2012. Protest filed in error."[4]

Sunshine subsequently initiated this action alleging four counts in its complaint: (1) unlawful decision to refuse admission from entry; (2) illegal or prohibited valuation; (3) evidence to demonstrate transaction value and right to make entry provided to customs; and (4) notice of rejection null and void on its face. Compl. ¶¶ 17-32. Sunshine asserts that Customs

---

[4] 19 C.F.R. § 141.11 sets forth the documentation necessary to establish a common carrier's right to make entry. It appears to have no relation to Sunshine's attempted entry, and the Government states that this citation is "a *non sequitur* since the [rejection] contained no reference to a rejection based on this regulation." Defendant's Reply, p. 9, n. 9.

denied its protest under 19 U.S.C. § 1514(a)(4) and claims the court has jurisdiction under 28 U.S.C. § 1581(a).

## II. DISCUSSION

### A. Motion to Dismiss Standard

"The CIT is a court of limited jurisdiction, possessing 'only that power authorized by the Constitution and federal statutes, which is not to be expanded by judicial decree.'" *Almond Bros. Lumber Co. v. United States*, 651 F.3d 1343, 1350 (Fed. Cir. 2011) (*quoting Sakar Int'l Inc. v. United States*, 516 F.3d 1340, 1349 (Fed. Cir. 2008)). Sunshine invokes the court's jurisdiction under 28 U.S.C. § 1581(a), which gives this court exclusive jurisdiction over cases commenced to contest the denial of a protest under section 515 of the Tariff Act of 1930, as amended 19 U.S.C. § 1515.[5] Section 1515(a), in turn, refers to protests filed to contest one of the seven categories set forth in 19 U.S.C. § 1514(a). Section 1514(a)(4), the provision relied on by Sunshine, allows for the filing of protests to challenge the wrongful "exclusion of merchandise from entry or delivery." For jurisdictional purpurses, it is essential to determine whether Customs' rejection was an exclusion under § 1514(a)(4) because a plaintiff's protest needs to have involved a "'decision' made by Customs under 19 U.S.C. § 1514. . . . [I]f 'Customs' underlying decision does not relate to any of these seven categories, the court may not exercise § 1581(a) jurisdiction . . . .'" *Am. Nat. Fire Ins. Co. v. United States*, 30 CIT 931, 939-40, 441 F. Supp. 2d 1275, 1285 (2006) (*quoting Playhouse Imp. & Exp., Inc. v. United States*, 18 CIT 41, 44, 843 F. Supp. 716, 719 (1994)).

Additionally, "'the party asserting federal jurisdiction when it is challenged has the burden of establishing it.'" *Canadian Lumber Trade Alliance v. United States*, 517 F.3d 1319,

---

[5] Citations in this opinion to the Tariff Act of 1930 are to the relevant provisions of Title 19 of the United States Code, 2006 edition.

1331 (Fed. Cir. 2008) (*quoting DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)).  When considering whether a party has met that burden, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor."  *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### B.  Analysis

Although Sunshine's complaint sets forth four counts, it essentially has three claims: (1) that Customs erred in finding Sunshine's entry documents insufficient under 19 C.F.R. § 141.86 because those documents in fact identified the seller and commercial markings of Sunshine's jeans; (2) that Customs erred in rejecting the $2.70 per unit value provided by Sunshine and substituting a value of over $6.00; and (3) that the rejection is a nullity because of when it was dated.

The Government argues that the court lacks jurisdiction to hear this case under § 1581(a) because the rejection does not amount to an exclusion under 19 U.S.C. § 1514(a)(4).  Customs invited Sunshine to resubmit its entry paperwork with corrections, and Sunshine filed a protest instead.  The Government maintains that Sunshine's decision not to resubmit does not create a protestable exclusion under § 1514(a)(4).  The Government also argues that its reappraisal of Sunshine's jeans was an appropriate exercise of its appraisal authority.  Finally, the Government asserts that the incorrect date on its rejection was a mere clerical error that was not protestable under § 1514(a).

Sunshine, in turn, argues that the opportunity it had to re-file its entry papers was illusory. More specifically, Sunshine argues that it could not file corrected entry papers because it had already filed, with its entry and protest, all the documentation in its possession concerning the jeans' seller, identifying marks, and value.  Sunshine also argues that Customs should have

accepted its proposed value of $2.70 per unit because its documentation established that number as the transaction value for the jeans.  Next, Sunshine argues that even if the court determines that its merchandise was not excluded from entry, it was excluded from delivery, which is also a protestable decision under 19 U.S.C. § 1514(a)(4).  Finally, Sunshine continues to argue that the date on the rejection rendered it too confusing to be effective.

      Ruling on the instant motion with respect to counts one through three of Sunshine's complaint requires a determination of whether Customs' rejection was an exclusion within the meaning of § 1514(a)(4).  "Exclusion" is not defined in the statutes or regulations.  However, in cases where this court has exercised jurisdiction over a protest filed pursuant to § 1514(a)(4), the exclusion has typically been a final determination by Customs that merchandise may not be entered for some serious, usually codified, policy reason.  For example, in *China Diesel Imports, Inc. v. United States*, 18 CIT 515, 855 F. Supp. 380 (1994), the court reviewed Customs' exclusion of goods determined to be manufactured by forced labor in violation of 19 U.S.C. § 1307.  In *R.J.F. Fabrics, Inc. v. United States*, 10 CIT 735, 651 F. Supp. 1431 (1986), the court determined that it had jurisdiction to review the exclusion of goods suspected of transshipment.  In *M.W. Kasch Co. v. United States*, 10 CIT 460, 640 F. Supp. 1335 (1986) the court exercised jurisdiction to review Customs' exclusion of goods thought to violate copyright laws.  In each of these cases, the court exercised jurisdiction under 28 U.S.C. § 1581(a) because a protestable exclusion under § 1514(a)(4) occurred below.  *See also Sanho Collections, Ltd. v. Chasen*, 1 CIT 6, 505 F. Supp. 204 (1980) (finding that judicial review would have been available under 28 U.S.C § 1581(a) if a § 1514(a)(4) protest had been filed to contest the denial of an entry due to a quota reduction provision).

Here, Customs rejected Sunshine's entry, in part, because it concluded that the documentation failed to comply with 19 C.F.R. § 141.86. Specifically, Customs concluded that Sunshine did not provide the identity of the seller and the marks under which the jeans were sold. The court finds that on the record before it, it is unclear whether Customs was being over-zealous in rejecting conflicting, yet compliant, documents as Sunshine contends, or whether Sunshine's documents in fact fell short of the regulatory requirements as determined by Customs. At this stage of jurisdictional inquiry, however, the court need not decide this issue. What it must decide is whether this exchange amounted to a protestable exclusion under 19 U.S.C. § 1514(a)(4). On that point, the court concludes that to the extent Customs' rejection was based on its determination that Sunshine's papers fell short of the regulatory requirements, it was not a protestable exclusion. The rejection, issued as it was with a colorable basis, and accompanied by an invitation to resubmit simply does not rise to the level of the decisive action taken by Customs in cases like *China Diesel Imports*, *R.J.F. Fabrics*, *M.W. Kasch*, or *Sanho Collections* and cannot be given the same jurisdictional treatment.

On this point, this case is similar to *Tak Yuen Corp. v. United States*, 29 CIT 543 (2005). In *Tak Yuen*, Customs rejected an entry of mushrooms from the People's Republic of China when the importer failed to tender a deposit of applicable antidumping duties. The importer filed a protest contesting exclusion of its goods under §1514(a)(4). After the protest was denied and review was sought in this court, the court declined to exercise jurisdiction. In addition to noting that the protest was immature because liquidation had not occurred, the court stated that it could not "equate the return of entry papers to the plaintiff with an actionable exclusion, in particular because [plaintiff] was invited by Customs to resubmit." *Tak Yuen*, 29 CIT at 550.

If anything, Customs' rejection in *Tak Yuen* was more decisive than the rejection here because its role in assessing antidumping duties is merely ministerial, meaning that Customs must liquidate merchandise so as to collect any antidumping duties imposed by the Department of Commerce. *See Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231, 1242 (Fed. Cir. 2007). Despite Customs' lack of discretion, the court in *Tak Yuen* concluded, at least in part due to the invitation to resubmit, that the rejection did not rise to the level of an actionable exclusion. Here, Customs itself made the determination that Sunshine failed to comply with 19 C.F.R. § 141.86, and requested that Sunshine resubmit corrected entry paperwork. Sunshine declined to do so. Like the court in *Tak Tuen*, the court will not equate this with a protestable exclusion.

The court is also not persuaded by Sunshine's argument that even if its jeans were not excluded from entry, they were excluded from delivery. It is true that § 1514(a)(4) allows for protests contesting exclusions from both entry and delivery, and that these two concepts are distinct. *See Lowa, Ltd. v. United States*, 5 CIT 81, 561 F. Supp. 441 (1983). However, to be excluded from delivery, a party must have the right to make delivery, either because its goods were already entered, *see* 19 U.S.C. § 1448, or because of an immediate delivery privilege. *See Lowa*, 5 CIT at 86, 561 F. Supp. at 445; *see also* 19 C.F.R. § 142.21. Sunshine's jeans were not entered, and Sunshine did not enjoy an immediate delivery privilege. It, therefore, did not have the right to make delivery, and may not assert this incapacity as an exclusion from delivery under § 1514(a)(4).

On the issue of valuation, the record contains conflicting information as to whether Sunshine's jeans should be valued at $2.70 per unit, or at $6.14 and $6.33 as determined by Customs. The problem for Sunshine, however, is that disputed appraisals are not protested under 19 U.S.C. § 1514(a)(4), but under 19 U.S.C. § 1514(a)(1), which provides for protests contesting

Case 1:12-cv-00190-JMB   Document 21   Filed 02/26/13   Page 10 of 12
Court No. 12-00190                                                                                                    Page 10

"the appraised value of the merchandise." Additionally, protests contesting an appraisal by Customs may only be filed after the merchandise in question is liquidated. *See Volkswagen of Am., Inc. v. United States*, 532 F.3d 1365, 1370 (Fed. Cir. 2008) ("If an importer wishes to challenge the appraised value of merchandise, the importer must protest the liquidation."); *United States v. Utex Int'l, Inc.*, 857 F.2d 1408, 1410 (Fed. Cir. 1988) ("It is the liquidation which is final and subject to protest, not the preliminary findings or decisions of customs officers.").

Sunshine's entry of jeans was not liquidated, and so Customs' reappraisal was not yet a protestable decision under § 1514(a)(1). Although Sunshine relies on § 1514(a)(4), that provision does not apply to the valuation question here because the court cannot review appraisal disputes without the final determination of admissibility and assessment of duties that liquidation provides. *See Tak Yuen*, 29 CIT at 549 ("The legality of that contemplated assessment cannot be determined in this proceeding because the rate or amount of duty has not yet been definitely determined. The plaintiff must wait until after liquidation before he can litigate the issue.").

It is worth noting that Customs' actions below confused this entire proceeding and made abiding by this framework more difficult. When Sunshine filed its protest, Customs did note that it had been "filed in error." However, Customs also denied the protest, and cited a regulation unrelated to these proceedings. This course of action clearly conflicts with the direction of this court as set forth in *Padilla v. United States*, 33 CIT __, 659 F. Supp. 2d 1290 (2009):

> When Customs receives a protest that does not raise a protestable issue within the meaning of 19 U.S.C. § 1514, the agency should mark the protest "[r]ejected as non-protestable." Marking the protest "rejected" sends a clear signal to all involved that there has been no denial of the protest within the meaning of 19 U.S.C. § 1515, and the protest cannot subsequently be contested in this court under 28 U.S.C. § 1581(a). Marking rejected protests as denied only fosters confusion among the parties bringing or

>   challenging such protests, government attorneys defending against
>   such litigation, and the courts.

*Padilla*, 33 CIT at __, 659 F. Supp. 2d at 1294 (record citation omitted).  When Sunshine filed the protest at issue here, it filed a protest that did "not raise a protestable issue within the meaning of 19 U.S.C. § 1514."  Not only is this the Government's position here, it appears to have been Customs' position below.  In accord with *Padilla*, Customs should then have rejected the protest as non-protestable.  This would have clarified Customs' position that the rejection was not a protestable event, and perhaps led to the resolution, or at least proper preservation below, of the issues in dispute presented in this case.

Turning to the final count of Sunshine's complaint, the court concludes that there is no jurisdiction under 28 U.S.C. § 1581(a) to consider Sunshine's claim regarding the date of the rejection.  First, and most importantly, Customs issuing an incorrectly dated form is not one of the protestable events listed in 19 U.S.C. § 1514(a).  Furthermore, Sunshine does not claim that the rejection was *actually* issued before it attempted to enter its jeans, or that it relied on the May 1, 2012 date on the rejection to its detriment.  Moreover, the rejection contained the same entry number that was listed on Sunshine's May 17, 2012 entry form.  There is no legitimate way to extend the reach of § 1581(a) to this claim, and the court will not exercise jurisdiction over it.

### III. CONCLUSION

For these reasons, the Government's motion to dismiss for lack of jurisdiction is granted. Judgment will be entered accordingly.


Dated: February 26 , 2013                            /s/ Judith M. Barzilay
   New York, NY                              Judith M. Barzilay, Senior Judge

Slip Op. 13 – 25

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUNSHINE INTERNATIONAL TRADING, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Judith M. Barzilay, Senior Judge <br><br> Court No. 12-00190 |

## **JUDGMENT**

Upon consideration of the motion to dismiss filed by Defendant United States, and all other papers filed in this action, and upon due deliberation, it is hereby

**ORDERED** that Defendant's USCIT Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted; and it is further

**ORDERED** that this case is dismissed.


Dated: February 26 , 2013              /s/ Judith M. Barzilay
          New York, NY                  Judith M. Barzilay, Senior Judge